## Potthoff v. Dellecurti

*Alan J. Natalie,* for plaintiffs.
*John O. Dodick,* for defendant.

84

BOZZA, *J.,* January 30, 1996—This case arises out of a motor vehicle accident which occurred on January 19, 1993 near the intersection of West 26th Street and Caughey Road. The plaintiff, Michelle Potthoff, was a passenger in a motor vehicle operated by her father. At the time of the motor vehicle accident, the plaintiffs were covered by a motor vehicle policy which included a "limited tort option." Therefore, her right to seek damages for pain and suffering and other non-monetary damages was limited to circumstances where she sustained a "serious injury." 75 Pa.C.S. §1705. Ms. Potthoff and her husband have sued Mr. Dellecurti, claiming that as a result of the motor vehicle accident she incurred a "serious injury" *(i.e.,* serious impairment of a bodily function), and therefore is entitled to compensation for pain and suffering and other forms of non-economic loss. The defendant disputes the claim of a "serious injury," and therefore, has refused to provide her with compensation for non-economic loss and proceeded to file a motion for summary judgment which is now before the court.

Recently, the Superior Court in *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995), had occasion to decide whether it is appropriate for the trial court to initially determine the existence of a serious injury when presented with a motion for summary judgment. As a result of an extensive conceptual analysis, the court concluded as follows:

"In the context of summary judgment, the court must determine initially 1) whether the plaintiff as moving party has established that he or she has suffered serious impairment of a bodily function; 2) whether the defense as moving party has established that plaintiff has not suffered serious impairment of a bodily function; or 3) whether there remains a genuine issue of material

fact for the jury to decide." *Dodson, supra* at 494, 665 A.2d at 1231.

The court specifically stated, "We emphasize that in deciding whether a material issue of fact exists for the jury, the judge should not focus on the injury but *should focus on the nature and extent of plaintiff's impairment* as a consequence of the injury." *Id.* (emphasis added) Perhaps most significantly, the court indicated that in order for a plaintiff to defeat a motion for summary judgment on the "serious injury" issue, she "must show a material dispute of fact by objective medical evidence." *Dodson, supra* at 498, 665 A.2d at 1233. The court also noted that where the basis for meeting the "serious injury" threshold is an allegation of "serious impairment of body function," the impairment must be "objectively manifested." *Id.* (citation omitted)

Following the accident, Ms. Potthoff suffered a whiplash injury involving the C-7 vertebrae with radiculitis. She was treated by a chiropractor, Dr. Mustin, who adjusted her spine and provided "trigger point therapy" three times per week for the first nine months and thereafter, with decreasing frequency. According to Dr. Mustin, x-rays revealed that vertebrae were out of place. It was Dr. Mustin's testimony that she was in constant pain and lived a very sedentary lifestyle. He noted that she couldn't stand, sit or walk for long periods of time and she was not able to help out with the children. He testified that most of the time when she was at home, she would have to be lying down and using ice. He characterized her as "a spinal cripple." It was his view that significant pain remained at least into April of 1994 and that her functioning was "seriously impaired." He believed that she reached her maximum improvement in October of 1994, when she was down to three chiropractic visits per month.

Dr. Fred Cohen, a medical doctor who specializes in neurological surgery and is associated with Erie Medical Evaluation Associates Inc., testified concerning his impressions of the plaintiff's physical condition and came to a significantly different conclusion. To begin with, Dr. Cohen found that his review of the X-rays yielded a different impression from Dr. Mustin's and he interpreted all of them as being normal. He went on to describe the plaintiff's condition as "minimal, residual, cervical and lumbar strain" and he concluded that she suffered no "serious impairment of bodily function."

It is obvious that the factual issue of whether Ms. Potthoff suffered a "serious impairment of body function" is in dispute and a determination of the question will depend, at least in part, on the credibility of the parties' respective experts and perhaps other sources of objective medical evidence. In these circumstances summary judgment cannot be granted. *Dodson, supra* at 497, 665 A.2d at 1232.

It remains, however, for the court to determine whether as a matter of law the plaintiff's facts would be sufficient for a jury to conclude that she sustained a "serious injury." In that regard, the court finds that if Ms. Potthoff is able to successfully demonstrate through "objective medical evidence" that as a result of her injury she suffered constant and severe pain for a period of nine months or more (as deposition testimony indicated), and that as a result she could not stand, sit or walk for long periods of time and that she was substantially unable to perform a majority of the normal, everyday functions associated with her work and lifestyle, a jury could find that she suffered a "serious impairment of bodily function." *Murray v. McCann,* 442 Pa. Super. 30, 658 A.2d 404 (1995). An appropriate order will follow.

## ORDER

And now, January 30, 1996, upon consideration of the defendant's motion for summary judgment, it is hereby ordered, adjudged and decreed that the motion is denied.